UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ONTARIO REED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1206 JCH |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Ontario Reed's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is fully briefed and ready for disposition.

On May 3, 2007, a jury in the Circuit Court of New Madrid County, Missouri, found Petitioner guilty of one count of forcible rape and one count of forcible sodomy. Petitioner was sentenced as a prior offender on June 12, 2007, to consecutive terms of life imprisonment. Petitioner's convictions and sentence were affirmed on direct appeal. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion.

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following five claims for relief:

>  (1)   That the trial court erred in admitting evidence Petitioner slammed the victim's face against a brick wall, as this evidence violated Petitioner's rights to due process, a fair trial, and to be tried only for the offenses charged;

    (2)      That Petitioner received ineffective assistance of counsel, in that trial counsel failed to conduct sufficient pretrial investigation into the defenses of consent and misidentification;

    (3)      That Petitioner received ineffective assistance of counsel, in that trial counsel failed to file pretrial motions to suppress, and to request that the State pay for DNA and fingerprint experts;

    (4)      That Petitioner received ineffective assistance of counsel, in that trial counsel effectively denied him the right to testify on his own behalf; and

    (5)      That Petitioner received ineffective assistance of counsel, in that trial counsel failed to convey a plea offer and advise Petitioner to accept it.

## DISCUSSION

**I.**     **Procedurally Defaulted Claims**

In Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to conduct sufficient pretrial investigation into the defenses of consent and misidentification. In Ground 3 Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to file pretrial motions to suppress, and to request that the State pay for DNA experts. In Ground 4 Petitioner asserts he received ineffective assistance of counsel, in that trial counsel effectively denied him the right to testify on his own behalf.

A review of the record reveals Petitioner did not raise the claims asserted in Grounds 2 through 4 in his amended 29.15 post-conviction motion, nor did he raise them on appeal from the denial of that motion. Because Petitioner failed to raise these claims in any state court proceeding, he is procedurally barred from pursuing them here. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995). The Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration

"that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.[1]

Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction counsel abandoned the claims during the post-conviction proceeding.[2] "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan,* 132 S.Ct. 1309, 1315 (2012). "For ineffective assistance of post-conviction counsel to constitute cause, petitioner must show that counsel's assistance was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and further demonstrate that the underlying claim of ineffective assistance of trial counsel is a 'substantial' one, that is, that the claim has some merit." *Moore v. Larkins*, 2013 WL 4091652, at *5 (E.D. Mo. Aug. 13, 2013) (citing *Martinez*, 132 S.Ct. at 1318).

The Court thus turns to a consideration of whether Petitioner's underlying claims of ineffective assistance of trial counsel have merit.

A.   **Ground 2**

As noted above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to conduct sufficient pretrial investigation into the defenses of consent and misidentification. Specifically, Petitioner suggests counsel should have (1) obtained additional information from the victim, and (2) interviewed Ms. Jeanie Boxwood, who

---

1 Petitioner has not shown that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (petitioner must present new evidence that affirmatively demonstrates he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied*, 549 U.S. 1036 (2006).

2 To the extent Petitioner attempts to assert independent claims that his post-conviction counsel was ineffective for abandoning the claims, such claims are not cognizable in this federal habeas proceeding. *See, e.g.*, *Stevenson v. Wallace*, 2013 WL 7098642, at *4 (E.D. Mo. Aug. 14, 2013) ("The Court [in *Martinez*] did not hold, as Petitioner appears to argue, that a claim for ineffectiveness of postconviction-relief counsel is an independently cognizable claim."); *Yarberry v. Sachse*, 2013 WL 3231539, at *5 (W.D. Mo. Jun. 26, 2013) ("If petitioner intends to assert an independent claim of ineffective assistance of post-conviction counsel, petitioner's claim is not cognizable in federal habeas."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral

would have suggested that the encounter was consensual. Petitioner further posits that questions asked of Ms. Bernadette Hannaford during her deposition should have been used to impeach her testimony at trial.

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration the Court finds that with this claim, Petitioner fails to establish the requisite prejudice. First, Petitioner offers absolutely no evidence that had she been more effectively cross-examined, the victim would have altered her testimony that she had never seen the person who raped her prior to the assault (*see* Resp. Exh. A, P. 158), and instead would have acknowledged attending a party with Petitioner on the day of the alleged crime, and voluntarily returning to her home with him. With respect to Ms. Boxwood, Petitioner offer no evidence that she would have been willing to testify at trial, or that her testimony would have corroborated his claim that his

---

post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

encounter with the victim was consensual.³  Finally, Petitioner offers no evidence that a more thorough cross-examination of Ms. Hannaford, including questioning regarding her earlier description of the assailant, would have elicited information sufficient to overcome the strong physical evidence and testimony linking Petitioner to the crime.  Under these circumstances, Petitioner fails to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Petitioner thus cannot establish that the underlying claim of ineffective assistance of trial counsel raised in Ground 2 is a 'substantial' one, and so the relief he seeks must be denied.

**B.    Ground 3**

As noted above, in Ground 3 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to file pretrial motions to suppress, and to request that the State pay for DNA and fingerprint experts.  Petitioner asserts trial counsel should have moved to suppress the bed sheet and the State's fingerprint evidence, and should have enlisted the aid of experts to testify as to the presence of drugs and alcohol in the victim's system, and to the presence of DNA and prints belonging to someone other than Petitioner.

Upon consideration the Court finds that with this claim, Petitioner fails to establish deficient performance on the part of his counsel.  Specifically, the Court notes Petitioner offers absolutely no evidence that either pretrial motions to suppress or motions to have the State pay for experts would have been successful, had they been filed.⁴  Counsel cannot be found constitutionally deficient for failing to file nonmeritorious motions, and so the underlying claim of ineffective assistance of trial counsel raised in Ground 3 is without merit and must be denied.

---

3 Petitioner apparently also faults his attorney for failing to elicit testimony from Mr. Kelly Carter, the actual assailant (according to Petitioner).  Once again, however, Petitioner offers no evidence Mr. Carter would have testified on Petitioner's behalf, had he been contacted.
4 Petitioner never denies that his own DNA and fingerprints were found at the scene, and thus provides no basis for

### C. Ground 4

As stated above, in Ground 4 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel effectively denied him the right to testify on his own behalf. Petitioner claims that had he testified, he would have afforded the jury the firsthand opportunity to observe his demeanor and judge his veracity.

Upon consideration the Court finds that with this claim Petitioner fails to demonstrate the requisite prejudice, for two reasons. First, the Court notes that Petitioner made the decision not to testify of his own accord. During his trial, out of the hearing of the jury, the following colloquy took place between the trial judge and Petitioner:

> Q Mr. Reed, you've obviously had the opportunity to consult with your lawyers, Ms. Booth and Ms. Garabedian, about whether you wish to take the witness stand and testify on your own behalf, or whether you wish to invoke your right against incrimination or invoke your right not to testify today. Of course, if you invoke your right, the jury will be instructed that no inference of your guilt could be drawn from the fact of you not testifying in these proceedings.
> Is this your decision to not testify here today?
>
> A Yes.
>
> Q And, have you had an opportunity to discuss this matter with your attorneys?
>
> A U-huh, yes, sir.
>
> Q And, again, after consulting with them, is this your decision to not take the witness stand?
>
> A Yes, sir.

(Resp. Exh. A, PP. 322-323).[5] Second, to the extent Petitioner claims he made the decision not to testify based on erroneous advice from counsel, the Court finds no evidence that the outcome of Petitioner's trial would have been different had he testified. In other words, only sheer speculation

---

the filing of a motion to suppress.
5 The Eighth Circuit has held that, " '[s]olemn declarations in open court carry a strong presumption of verity.'"

on Petitioner's part supports his assertion that direct testimony from the accused would have overcome both the strong physical evidence in the case, including both DNA and fingerprints matching those of Petitioner, and the victim's own identification of Petitioner as her assailant. Petitioner thus fails to establish that the underlying claim of ineffective assistance of trial counsel raised in Ground 4 is a 'substantial' one, and so the relief he seeks must be denied.

## II. Claims Addressed On The Merits

### A. Ground 1

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in admitting evidence that Petitioner slammed the victim's face against a brick wall, as this evidence violated Petitioner's rights to due process, a fair trial, and to be tried only for the offenses charged. Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows[6]:

> On appeal, Defendant[7] raises one point relied on, in which he claims that evidence of other acts of violence against the same victim, for which he was not charged, "violated his rights to due process, a fair trial, and to be tried only for the offense charged." Defendant specifically complains of "evidence that [Defendant] slammed [Victim's] face against a brick wall." Defendant asserts that "the jury needed to know what led up to the charged offenses as it impacted the question of consent[,]" but that evidence of what events followed the sexual assault "was irrelevant, and violated [Defendant's] right to be tried only for the crime with which he was charged." ….
>
> Where evidence of an uncharged crime "is part of the sequence of events that surrounds the charged offense, evidence of an uncharged crime may be admissible to present a complete and coherent picture of the events." **State v. Estes**, 166 S.W.3d 119, 121 (Mo.App. 2005). The determination of the relevancy and admissibility of evidence is within the discretion of the trial court. **State v. McKibben**, 998 S.W.2d

---

*Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)).

6 After noting its review was only for plain error, as Petitioner failed to preserve the issue for appellate review, the Missouri Court of Appeals noted it found no error, plain or otherwise. (Resp. Exh. E, PP. 6-7).

7 On direct appeal, Petitioner is referred to as "Defendant" by the Missouri Court of Appeals.

55, 58 (Mo.App. 1999). In overruling Defendant's motion in limine, the trial court stated the following:

> I understand, but the Court, the Court of Appeals in the State of Missouri, have, and one that I can specifically think of is escape, escape which is subsequent to a crime and not connected with the crime, can be offered as proof of guilt of the underlying crime. I mean, there are a number of circumstances where the courts in the state of Missouri have allowed subsequent actions to be brought in as part and parcel of a trial, even though that act is uncharged. If it is, and I understand, you know, my understanding of the evidence, and I'll be, if I'm convinced otherwise between now and trial, I'll be more than happy to change my mind, because we're only dealing with a Motion in Limine now, and the trial is almost a month away, but it's my understanding that any time this is all part and parcel of a continuing act and there's not a lapse of time between, you know, action A and action B, then, then the court shall allow that, if, if it deems appropriate. So, what I'm telling you right now is, I'm denying the request for the Motion in Limine to exclude that evidence. I may reconsider it at a later time, prior to trial, but as I sit here today, I think that was proper.

In *State v. Pettit*, 976 S.W.2d 585, 590 (Mo.App. 1998), the Western District found that where the State admitted evidence of the defendant's flight, the admission of such evidence was not error, as evidence of a defendant's "flight presents 'a complete and coherent picture of the events that transpired[,]'" and to exclude such evidence "would render the events incomplete." *Id.* (quoting *State v. Harris*, 870 S.W.2d 798, 810 (Mo. banc 1994)). Here, the trial court correctly alluded to the premise, with which we agree, that evidence of a suspect's escape subsequent to a crime can be offered as proof of guilt of the underlying crime. *See Pettit*, 976 S.W.2d at 591 (defendant's "flight from the scene also indicates consciousness of guilt for the crimes charged.").

Finally, "[e]vidence of uncharged conduct will be allowed under this exception to the general rule only where its probative value outweighs its prejudicial effect." *Estes*, 166 S.W.3d at 121. In Defendant's case, the burden of proving the forcible compulsion element in charges of forcible rape and forcible sodomy rested upon the State at trial. Defendant did not testify at his trial and did not present any witnesses. However, in an opening statement, counsel for Defendant challenged Victim's credibility in her account of the attack, and on appeal, Defendant contends that "this case turned on the jury's determination of [Victim's] credibility." Also, in closing statements, Defendant's counsel challenged the element of forcible compulsion and argued that Victim consented to having sex with Defendant.

Here, the actions of Defendant toward the end of the sequence of events surrounding the charged crimes, while being observed by an independent third-party witness, serve to complete the picture of the nature of Defendant's actions giving rise to the elements of the offenses. Such actions also serve to corroborate Victim's

description of all the events that transpired during the charged crimes; a description the veracity of which was challenged by Defendant at every opportunity he had during the trial. Thus, the probative value of the evidence relating to what occurred immediately following the charged offenses was great and far outweighed any perceived prejudicial effect; an effect, which, incidentally, must be so obscure that Defendant could not even articulate its character, nature or substance in his brief on appeal. Such inability to articulate prejudice effectively forecloses any possibility Defendant has carried his burden to demonstrate the more demanding requirement of manifest injustice needed to support plain error.

(Resp. Exh. E, PP. 6-9).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Whether evidence is properly admitted is a question of state law that is not reviewable in a federal habeas proceeding unless a specific constitutional right has been infringed, or the evidence is so prejudicial as to deny due process." *Moore v. Wallace*, 2013 WL 1282320, at *7 (E.D. Mo. Mar. 26, 2013) (citing *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991)). "The federal court must find more than trial error or even plain error to warrant habeas relief on the basis of an evidentiary ruling." *Id.* (citing *McCafferty v. Leapley*, 944 F.2d 445, 452 (8th Cir. 1991), *cert. denied*, 503 U.S. 911 (1992)). A petitioner's right to due process is violated only when an

evidentiary error "is so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infects the trial." *Id.*

When the trial court denied Petitioner's motion in limine, it opined that at times proof of acts subsequent to the charged crime may be admitted at trial, as proof of guilt of the underlying crime. This ruling was correct under Missouri state law. *See State v. Estes*, 166 S.W.3d 119, 121 (Mo. App. 2005); *State v. Pettit*, 976 S.W.2d 585, 590-91 (Mo. App. 1998). Furthermore, the Court's review of the record indicates that the evidence admitted by the trial court was not so prejudicial that it denied Petitioner due process. The decision of the Missouri court thus is entitled to deference, and Ground 1 must be denied.

**B.    Ground 5**

As stated above, in Ground 5 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to convey a plea offer and advise Petitioner to accept it. Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> Movant[8] alleges in paragraph 8(a) of the amended motion that he was denied his rights to a fair trial before a fair and impartial jury, and to due process and effective assistance of counsel, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 10 and 18(a), of the Missouri Constitution. He alleges that counsel was ineffective for failing to convey to him a plea offer for a sentence shorter than he received at trial, and that she failed to advise him to accept the plea offer. He asserts that had he been apprised of the offer, he would have pleaded guilty rather than going to trial. He claims in paragraph 9(a) that the State made an offer of thirty years to his attorney, who never informed him of a plea offer; or, that if she did, he did not understand the offer.
>
> Rule 29.15(i) places the burden upon movant of proving his claim of ineffective assistance of counsel by a preponderance of the evidence; his allegations are not self-proving. **Cole v. State**, 223 S.W.3d 927, 931 (Mo.App. S.D. 2007). This court is to determine the credibility of the witnesses at the evidentiary hearing, and it

---
[8] Petitioner is referred to as "Movant" by the post-conviction motion court.

may believe or disbelieve the testimony of any witness, including the testimony of movant. ***Coleman v. State***, 256 S.W.3d 151, 155 (Mo.App. W.D. 2008); ***Dishmon v. State***, 248 S.W.3d 656, 661 (Mo.App. S.D. 2008). The trial attorney was a credible witness.

To be entitled to relief on his claim that he received ineffective assistance of trial counsel, movant must prove by a preponderance of the evidence that his attorneys failed to exercise the level of skill and diligence that a reasonably competent attorney would have exercised in a similar situation. He must also show that the trial attorneys' failure prejudiced him. ***Zink v. State***, 278 S.W.3d 170, 175 (Mo. banc 2009), citing *Strickland v. Washington*, 466 U.S. 668, 287, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that the attorneys provided competent assistance. ***Fry v. State***, 244 S.W.3d 284, 287 (Mo.App. S.D. 2008).

The punishment for the forcible rape committed by movant is for life imprisonment, or a term of years not less than five. Section 566.030.2. Section 566.060.2 provides the same punishment for the forcible sodomy.

The only plea offer by the State was for consecutive life sentences on each count to run consecutively to an eight-year sentence that movant then was serving. Movant had no right to a plea agreement. ***Collins v. State***, 231 S.W.3d 861, 864 (Mo.App. S.D. 2007); *citing Rowland v. State*, 129 S.W.3d 507, 510 (Mo.App. S.D. 2004). The State did not make any offer other than the one stated above. Despite counsel's best efforts, the prosecutor refused to make any lesser offer. Movant did not prove that his attorneys received a better offer and failed to relay it to him. It is noted that his sentences were somewhat more favorable to him than the plea offer.[9] Movant did not prove that his trial attorneys failed to exercise the level of skill, care, and diligence of a reasonably competent attorney under similar circumstances, or that he was prejudiced by any errors or omissions by his attorneys. He did not prove that he received ineffective assistance of counsel.

Movant was not denied any of the constitutional rights cited in the amended motion, including his rights to a fair trial before a fair and impartial jury, to due process, and to effective assistance of counsel. He is not entitled to relief on any of his claims.

(Resp. Exh. G, PP. 32-34). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied his claim as follows:

Thereafter, Reed filed a *pro se* Rule 29.15 motion for post-conviction relief. Appointed counsel filed an amended motion, which alleged that Reed was denied his

---

[9] Petitioner's two consecutive life sentences were ordered to run concurrently with his prior robbery sentence. (*See* Resp. Exh. J, P. 2).

˘ 11 ˘

right to a fair trial because his trial counsel failed to convey a plea offer for a shorter sentence than the sentence imposed after trial. Reed further alleged that, had he been apprised of the offer, he would have pleaded guilty rather than go to trial. Trial counsel Jennifer Booth (Booth) and Reed each testified at the evidentiary hearing.

Booth initially testified that she thought the State had made a 20-year plea offer. After Booth consulted her notes in Reed's file, however, she clarified her earlier testimony. Booth said that the prosecutor had offered "no deals[.]" She advised Reed that he was free to enter an open plea, but he would have to do so knowing that the prosecutor would ask the court to impose two consecutive life sentences to be served consecutively to the robbery sentence Reed was then serving. On cross-examination, Booth was shown the front of the prosecutor's file in Reed's case where plea offers were noted in a box at the bottom of the file. Booth confirmed that the notation in the box stated: "[s]eek life sentences consecutive on each count, consecutive to his current eight year robbery sentence…" Booth said she had spoken with Reed about approaching the prosecutor to ask whether he would consider a 30-year plea, but she told Reed there were "no offers from the State."

Reed testified that Booth never conveyed a plea offer to him. According to Reed, if Booth had conveyed a 30-year plea offer, he would have accepted it. Reed also testified that Booth discussed the open plea concept and advised him that he could ask the court to give him mercy. He declined because he "didn't want to do that."

After considering the evidence presented, the motion court denied relief. The court found that the prosecutor did not make any offer. If Reed entered an open plea, the prosecutor intended to recommend consecutive life sentences to run consecutively with the prior robbery sentence Reed was then serving. The motion court concluded that Reed failed to prove his trial counsel was ineffective. The motion court reasoned that: (1) the State never made a 30-year plea offer as alleged in Reed's amended motion; and (2) trial counsel could not be ineffective for failing to convey a non-existent offer. This appeal followed….

"To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test." *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). First, movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, movant must show that trial counsel's failure prejudiced the movant. *Id.* "Both of these prongs must be shown by a preponderance of the evidence in order to prove ineffective assistance of counsel." *Zink*, 278 S.W.3d at 175; Rule 29.15(i).

Reed contends the motion court's ruling is clearly erroneous because Reed testified "that he would have accepted any offer of 30 years or less if offered to him rather than face jury trial." We disagree.

>   The allegation in Reed's post-conviction motion was not self-proving. *Cole*, 223 S.W.3d at 931. Reed presented no evidence that the prosecutor ever made any offer to accept a plea of 30 years or less. While Booth initially said she thought there was a 20-year plea offer, she admitted that she was mistaken after consulting her trial notes and examining the offer box on the prosecutor's file. Reed's testimony that Booth did not convey any offers is entirely consistent with Booth's testimony. She did not convey any offers because there were none. The motion court obviously found Booth's testimony credible, and this Court defers to that determination. *Dishmon*, 248 S.W.3d at 661. Moreover, Booth's testimony was directly supported by the notation written on the front of the prosecutor's file. Because Reed failed to prove there was a 30-year plea offer, we agree with the motion court that Reed's counsel cannot be ineffective for failing to report a non-existent offer. *See, e.g., Colbert v. State*, 7 S.W.3d 471, 474-75 (Mo. App. 1999) (the denial of movant's Rule 29.15 motion was affirmed because he failed to prove there was a plea offer that his trial counsel failed to relay).

(Resp. Exh. J, PP. 2-5).

Upon consideration, the Court finds that with this claim Petitioner fails to demonstrate deficient performance on the part of his attorney, as required by *Strickland*. Petitioner is correct that during the evidentiary hearing on his post-conviction motion, Ms. Booth initially testified that she believed an offer for twenty years may have been conveyed before the preliminary hearing. (Resp. Exh. F, P. 4). After reviewing her case file, however, Ms. Booth realized that while she tried to obtain an offer for twenty years, from the beginning the prosecuting attorney indicated no deals would be forthcoming. (Id., P. 5). Instead, according to Ms. Booth the prosecutor always insisted that if Petitioner chose to plead guilty it would be an open plea, and the State would seek two consecutive life sentences, to be served consecutively to Petitioner's current sentence. (Id., P. 7). The accuracy of this testimony was confirmed when the State introduced as an exhibit the prosecutor's file, which indicated that at all times the State sought "life sentences consecutive on each count, consecutive to [Petitioner's] current eight year robbery sentence." (Id., P. 9). The 29.15 motion court found Ms. Booth's testimony to be credible, and that finding was not unreasonable in light of the evidence presented in state court. Under these circumstances, this Court does not find

that trial counsel's failure to convey a non-existent plea offer fell outside the wide range of professionally competent assistance sanctioned by *Strickland*. Ground 5 of Petitioner's § 2254 petition must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 6) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this  11th  Day of April, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE